IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05-CR-285-F |
| | ) | |
| TANISHA LANEE STEVENSON | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:        JOSEPH VAN HEEST

ASSISTANT U.S. ATTORNEY:    KENT B. BRUNSON


### COUNT AND STATUTES CHARGED:

Counts One, Two, & Three    18 U.S.C. § 1344


### COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Count One            18 U.S.C. § 1344

### PENALTIES BY COUNT - MAXIMUM PENALTY:

<u>Count One</u>            18 U.S.C. § 1344

   Sentence of not more than $1,000,000 and a term of imprisonment of not more than 30 years, or both. Special Assessment of $100.00 and a term of supervised release of not more than 5 years.

### ELEMENTS OF THE OFFENSE:

Count One - 18 U.S.C. § 1344
   1. Defendant knowingly executed a scheme to defraud a financial institution and obtain money under the custody and control of a financial institution by means of false and fraudulent representations;
   2. Defendant did so with intent to defraud; and,
   3. Financial institutions was insured by the United States Government.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Kent B. Brunson, Assistant United States Attorney, and Joseph Van Heest, attorney for the defendant, pursuant to the provisions of Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects.

### GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to Count One of the Indictment, the Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct.

2. The government will recommend a sentence at the low end of the appropriate advisory guideline range, and if that range is 0-6 months in Zone A, the government will recommend a term of incarceration of 5 days.

3. The United States will move to dismiss Counts Two and Three of the Indictment after sentencing.

4. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

### DEFENDANT'S PROVISIONS

5. The defendant agrees to the following:

    a.    To plead guilty to Count One of the Indictment.

    b.    Defendant will agree to make full restitution for an amount to be determined by the probation office and is expected to be approximately $1,446.51.

## FACTUAL BASIS

    c.    The defendant understands the nature of the charge to which the plea is offered involves proof that on or about the 1st day of April, 2003, in Montgomery County, within the Middle District of Alabama and elsewhere,

### TANISHA LANEE STEVENSON,

defendant herein, knowingly and willfully, aided and abetted by others known and unknown to the Grand Jury, did execute a scheme to defraud Regions Bank, Prattville, Alabama, the deposits of which were then insured by the Federal Deposit Insurance Corporation. The scheme to defraud consisted of the Defendant, aided and abetted by others, obtaining a legitimate check issued by Autauga Quality Cotton, check number 46400, and replicating the account number of the legitimate check on a blank check obtained from a business supply company by using computer check programs which allowed the Defendant, aided and abetted by others, to substitute the name of William Teasley as payee, and to alter the identification information and telephone number of the account holder. The Defendant, aided and abetted by others, then had William Teasley present the fraudulent check for payment on the victim payee's account. On or about April 1, 2003, the Defendant, aided and abetted by others, caused William Teasley to fraudulently obtain $482.17 from Regions Bank in Prattville, Alabama. All done in violation of Title 18, United States Code, Section 1344.

## DEFENDANTS' UNDERSTANDING AND ACKNOWLEDGMENT

    6.    The defendant, before entering a plea of guilty to Count One of the Indictment as

provided for herein by said Plea Agreement, advises the Court that:

    a.    The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

    b.    The defendant further understands that pursuant to Title 18, United States Code, Section 3013, the $100.00 assessment is to be paid by the defendant on the date of sentencing.

    c.    The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

    d.    The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

    e.    The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

    f.    Defendant further understands and advises the Court that the plea agreement

as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

  g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

  h. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

  i. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

  7. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider defendant's conduct related to the offense to which the plea if offered, as well as the defendant's criminal history. The offense level or criminal history category as calculated by the Probation Officer and determined by the court

may differ from that projected by defendant's counsel or the U.S. Attorney.

This  23d  day of February, 2006.

                                  Respectfully submitted,

                                  LEURA GARRETT CANARY
                                  UNITED STATES ATTORNEY

                                  Andrew O. Schiff
                                  Deputy Chief, Criminal Division
                                  Post Office Box 197
                                  Montgomery, Alabama 36101
                                  (334)223-7280

                                  Kent B. Brunson
                                  Assistant United States Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, JOSEPH VAN HEEST.

_____
Tanisha Lanee Stevenson
Defendant

_____2-24-06_____
Date

_____
Joseph Van Heest
Attorney for the Defendant

_____2/24/06_____
Date