IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 2:05-cr-285-F |
| | ) | |
| TANISHA LANEE STEVENSON | ) | |

**UNOPPOSED MOTION TO EXTEND TIME FOR
VOLUNTARY SURRENDER TO BEGIN SERVICE OF SENTENCE**

**COMES NOW** the defendant, Tanisha Lanee Stevenson, by and through undersigned counsel, Joseph P. Van Heest, and hereby moves this Honorable Court to extend the time for her voluntary surrender to begin her sentence.  In support of this motion, Ms. Stevenson states as follows:

1.      Ms. Stevenson was indicted and charged with three counts of bank fraud, in violation of 18 U.S.C. § 1344.  This indictment was related to a number of other persons who had engaged in similar actions working with each other.  Her husband, Undrea McCall, is one of the related defendants.  He is presently in custody.

2.      Ms. Stevenson entered a guilty plea to one count of bank fraud and agreed to pay restitution on all three checks in which she had endorsed the name of an individual who unlawfully attempted to cash those checks.  That restitution amounted to $1,446.51.  *See* Judgment, Doc. 29, (Aug. 23, 2006).

3.      Ms. Stevenson's sentencing guideline range was 0-6 months exclusive of her cooperation which constituted substantial assistance and led to the indictments of at least two other persons.

4.      Because the guideline range was the minimum available, the government did not file a motion for downward departure prior to the sentencing hearing.

5.      The statute prohibited a sentence of probation because bank fraud is a class B felony under the United States Code.  Therefore, probation was not an available sentence.  *See* 18 U.S.C. § 3561(a)(1).

6.      Consequently, the parties entered into a Rule 11(c)(1)(C) plea agreement in which the parties agreed to a sentence of five days imprisonment along with the restitution on all three checks. *See* <u>Plea Agreement</u>, doc. 21, p. 2 (Feb. 24, 2006).

7.      At the August 16, 2006 sentencing hearing, the Court rejected the plea agreement for five days and instead sentenced Ms. Stevenson to a period of thirty days imprisonment.  However, the Court also indicated that it would consider a Rule 35 sentence reduction to probation if, before the voluntary surrender date, Ms. Stevenson had made the restitution in full, and had given substantial assistance to the government sufficient for the government to file a motion to modify the sentence.[1]

8.      The Court also indicated that if the defendant made a good faith effort to make the restitution payment to the Court but was unable to do so prior to the date for voluntary surrender, the Court would consider extending the date for voluntary surrender to allow Ms. Stevenson sufficient additional time to make the full restitution.

9.      Ms. Stevenson again sat down with U.S. Postal Inspector Tynan and provided further substantial assistance on August 24, 2006.

10.     Ms. Stevenson paid her $100.00 assessment fee on the date of sentencing. Last week, Ms. Stevenson made a lump sum payment of $1,200.00 toward the restitution, leaving a balance of $246.51.  Ms. Stevenson was attempting to make the full payment but

---

[1] Such a sentence is permissible pursuant to 18 U.S.C. § 3553(e) which permits the Court to depart below the statutory minimum.

has simply been unable to accumulate all of the money to do so.[2]  Therefore, after discussing with counsel whether to make a substantial, albeit incomplete payment now, or hold off until all of the money was available, Ms. Stevenson elected to make the substantial payment now.

11.    Ms. Stevenson's voluntary surrender date is November 9, 2006, at 2:00 pm. She has been directed to surrender to the Federal Correctional Institute at Marianna, Florida.  Ms. Stevenson has five children for whom she is responsible and the father of three of them, her husband Undrea McCall, remains detained on related charges.  If she is unable to obtain a sentence reduction to a term of probation, she will have to make arrangements for care of her children during the thirty-day period of incarceration if the Court does not extend the time for voluntary surrender.

13.    Unfortunately, Ms. Stevenson will not receive another pay check until November 9, 2006, which would not permit the time necessary for the United States to file a motion for sentence reduction, the Court to grant that motion, and the consequent avoidance of voluntary surrender.

14.    Ms. Stevenson has made a good faith effort to pay restitution in full and believes that if the Court extends her voluntary surrender date for an additional ninety days, she can successfully make the remaining restitution payment within that time period.

15.    This request is not for the purpose of delay, but rather for the purpose of permitting Ms. Stevenson to complete her restitution as soon as she is financially able.

---

[2] Ms. Stevenson works full time and is responsible for five children, including day care costs for those children.  As previously stated, her husband has ceased to be a source of income for the family since he has been incarcerated on related charges.  Her home has also been broken into on at least two occasions in 2006.

16.    Undersigned counsel has communicated with the Assistant United States Attorney assigned to this case, and AUSA Brunson has indicated no objection to extending the time for Ms. Stevenson's release.

17.    AUSA Brunson has further indicated that he will be filing a motion for reduction of sentence once the restitution has been paid in full.

WHEREFORE, for the reasons set forth above, Ms. Stevenson asks that this Court extend her voluntary surrender date by another ninety days to provide sufficient time for the completion of restitution and the filing by the government and consideration of the Court of a motion for sentence reduction.

Dated this 23rd day of October, 2006.

Respectfully submitted,


s/Joseph P. Van Heest
**JOSEPH P. VAN HEEST**
LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
Phone: (334) 263-3551
Fax: (334) 263-3227
jpvanheestcourts@bellsouth.net
AL Bar Code: VAN026

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kent B. Brunson, Esq., Assistant U. S. Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

Respectfully submitted,


<u>s/Joseph P. Van Heest</u>
**JOSEPH P. VAN HEEST**
LAW OFFICE OF JOSEPH P. VAN HEEST, LLC
Post Office Box 4026
402 South Decatur Street
Montgomery, AL 36103-4026
Phone: (334) 263-3551
Fax: (334) 263-3227
jpvanheestcourts@bellsouth.net
AL Bar Code: VAN026